BEFORE THE FIRST DIVISION, MAY 2, 1945

**No. 50155.**—Protest 29960–K of Kwong Kee Jan & Co. (San Francisco).

Opinion by COLE, J.  It was stipulated that certain items consist of ve-tsin the same in all material respects as the commodity passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C.' P. A.[43, C. A. D. 247), which record was incorporated herein.  In accordance therewith the merchandise, which includes salt as a substantial component part thereof, was excluded from paragraph 5 and held dutiable at 20 percent under paragraph 1558 as claimed.

**No. 50156.**—Protests 92249–K, etc., of Chan Kee Co. et al. (San Francisco).

Opinion by COLE, J.  In accordance with stipulation of counsel and on the authority of the decisions cited, which records were incorporated herein, the protests were sustained as follows: (1) Merchandise the same as the commodity passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247) was held dutiable at 20 percent under paragraph 1558 as a nonenumerated manufactured article; (2) certain items the same as those the subject of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372), amended by Abstract 44821, were held entitled to free entry under paragraph 1669 as crude drugs; and (3) other items similar to *Oy Wo Tong Co.* v. *United States, supra*, were held dutiable at 10 percent under paragraph 34 as drugs, advanced in value.

**No. 50157.**—Petition 6426–R of Leonelo Gonzalez (Laredo).

Opinion by COLE, J.  At the trial petitioner testified that this was his first experience with the importation of merchandise and that he had no knowledge of the value of chewing gum either in Mexico or in this country.  He accepted the consular invoice, prepared by the foreign exporter, and gave it to his customs broker to prepare the necessary entry papers.  The broker testified that in entering the merchandise the purchase price set forth on the consular invoice was overlooked, the oversight being due to the location of the statement in an unusual space at the bottom of the said document.  On the record presented it was held that there was no attempt to defraud the Government or deceive the appraiser as to the value of the merchandise.  The petition was therefore granted.